UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EDGARDO RUIZ,**

    **Plaintiff,**

v.                                            Case No.

**ANDRITZ, INC.,**

    **Defendant.**

                                              /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **Edgardo Ruiz** ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **Andritz, Inc.** ("Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, for violations of the Florida Civil Rights Act ("FCRA") Fla. Stat. §760.01 *et seq.*, the Americans with Disabilities Act of 1990, as amended ("ADA", 42 U.S.C. §12101 *et seq.*), the Florida Private Whistleblower Act ("FPWA"), and the Florida Workers' Compensation Act ("FWCA"), Fla. Stat. § 440.205.

2. This court has subject matter jurisdiction under 28 U.S.C. § 1331, and 42 U.S.C. § 2000e et seq.,

3. Venue is proper in the Middle District of Florida, because the events giving rise to this claim arose in Hillsborough County, which lies within the Middle District of Florida.

### PARTIES

4. Plaintiff is a resident of the State of Florida.

5. Defendant is authorized and doing business in the State of Florida.

### GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FCRA, the ADA, the FPWA, and the FWCA.

10. At all times material hereto, Defendant was an "employer" within meaning of the FCRA, the ADA, the FPWA, and the FWCA.

11. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's protected rights.

## FACTS

12. Plaintiff worked for Defendant from on or about February 27, 2023 until his unlawful termination on or about November 17, 2023.

13. At the time of his termination, Plaintiff held the position of CNC Machinist.

14. At all times relevant, Plaintiff suffered from a physical impairment that substantially limited one or more of his major life activities.

15. At all times, Plaintiff was able to perform the essential functions of his position with or without accommodation.

16. Plaintiff requested medical accommodations in the workplace due to a back injury he sustained before his employment began.

17. Plaintiff's request was reasonable and would not have posed an undue hardship on the business.

18. Despite this, Defendant refused to grant Plaintiff's accommodation or otherwise engage in the interactive process under the ADA and FCRA.

19. Plaintiff was forced to work beyond his doctor's proposed work restrictions.

20. Plaintiff was a hardworking employee who was qualified for his position never had any sort of attendance or performance issues.

21. On or around November 12, 2023, Plaintiff suffered a workplace injury in the course of his work.

22. Plaintiff's injury was the result of falling off a ladder due to unsafe working conditions.

23. Plaintiff notified Defendant of his injury and left work in an ambulance.

24. Plaintiff asked Defendant for information about filing a claim for worker's compensation due to his injury.

25. Under the FWCA, Plaintiff had a valid claim for workers' compensation benefits for the injuries he sustained at work.

26. By pursuing his right to file a workers' compensation claim, Plaintiff engaged in protected activity under the FWCA.

27. Plaintiff's injury created a disability, as he suffered from a physical impairment that substantially limited one or more of his major life activities.

28. When Plaintiff returned to work on November 17, 2023, Plaintiff called the Occupational Safety and Health Administration ("OSHA") and reported all of the violations of law that Defendant was engaged in, including the safety violations that led to his injury.

29. Accordingly, Plaintiff engaged in protected activity under the FPWA.

30. Plaintiff's manager, David, overheard Plaintiff reporting the violations of law to OSHA.

31. Plaintiff provided a doctor's note to Defendant and requested medical accommodations due to his disability caused by the workplace injury.

32. Later that afternoon, Plaintiff received a call informing him that he was being terminated.

33. Clearly, Defendant terminated Plaintiff in retaliation to his protected activity under the FPWA, the FWCA, the ADA, and the FCRA.

34. Plaintiff was terminated for reporting violations of law to a governmental agency, for pursing a valid Workers' Compensation claim, and due to his disability and request for accommodation.

35. Defendant chose to take adverse employment action against Plaintiff by retaliating against him for engaging in protected activity under the FCRA, the ADA, the FPWA, and the FWCA.

36. Defendant's actions were willful and done with a reckless disregard for Plaintiff's rights under the FCRA, the ADA, the FPWA, and the FWCA.

37. Defendant's reason for terminating Plaintiff is pretext.

## COUNT I – FCRA VIOLATION (DISABILITY DISCRIMINATION)

38. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39. Plaintiff is a member of a protected class under the FCRA due to his disability.

40. Plaintiff was subjected to disparate treatment.

41. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

42. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award liquidated damages to Plaintiff;

(e) Award reasonable attorney's fees and costs to Plaintiff; and

(f) Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT II – FCRA RETALIATION

43. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 37 of this Complaint as though fully set forth herein.

44. Plaintiff is a member of a protected class under the FCRA due to his disability.

45. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

46. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

47. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

    (a)    Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

    (b)    Enjoin and permanently restrain Defendant from further violations of the FCRA;

    (c)    Award back pay to Plaintiff plus interest and all benefits;

    (d)    Award liquidated damages to Plaintiff;

    (e)    Award reasonable attorney's fees and costs to Plaintiff; and

    (f)    Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT III – FLORIDA PRIVATE WHISTLEBLOWER ACT VIOLATIONS

48.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint as though fully set forth herein.

49.    Plaintiff engaged in protected activity as defined by the FPWA.

50.    Plaintiff's employment was terminated by Defendant as a result of engaging protected activity under the FPWA.

51.    Plaintiff was injured due to Defendant's violations of the FPWA, to which entitled plaintiff to legal and injunctive relief.

**WHEREFORE**, Plaintiff requests that this Court:

(a) Enter an injunction restraining continued violation of the FPWA;

(b) Direct Defendant to reinstate Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position;

(c) Direct Defendant to reinstate Plaintiff's full fringe benefits and seniority rights;

(d) Award compensation for lost wages, benefits, and other remuneration;

(e) Award any other compensatory damages, including emotional distress, allowable by law; and

(f) Award reasonable attorney's fees and costs to Plaintiff.

## COUNT IV —ADA VIOLATION
### (DISABILITY DISCRIMINATION)

52. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 37 of this Complaint as though fully set forth herein.

53. Plaintiff is a member of a protected class under the ADA due to his disability.

54. Plaintiff was subjected to disparate treatment.

55. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

56. Defendant's actions were willful and done with malice.

57. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT V — ADA RETALIATION

58. Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

59. Plaintiff is a member of a protected class under the ADA due to his disability.

60. Plaintiff exercised or attempted to exercise her rights under the ADA, thereby engaging in protected activity under the ADA.

61. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating his employment.

62. Defendant has taken material adverse action against Plaintiff.

63. Defendant's actions were willful and done with malice.

64. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

(f) Front pay;

(g) Any other compensatory damages, including emotional distress, allowable at law;

(h) Punitive damages;

(i) Prejudgment interest on all monetary recovery obtained.

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## COUNT VI – WORKERS' COMPENSATION RETALIATION

65. Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

66. Plaintiff engaged in protected activity under the FWCA by filing or attempting to file a valid Workers' Compensation claim for an injury that he suffered at work.

67. Defendant retaliated against Plaintiff for engaging in protected activity under the FWCA by terminating his employment.

68. Plaintiff was injured as a result of Defendant's violations of the FWCA, Fla. Stat. § 440.205.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue, and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment stating that Defendant retaliated against Plaintiff, in violation of Fla. Stat. § 440.205;

d) Compensation for lost wages, benefits, and other remuneration;

e) Compensatory damages, including damages recoverable for emotional distress allowable at law; and

f) For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 12th day of September 2025.

                                          Respectfully submitted,

                                       *s/Samuel Doxsee*
                                       **SAMUEL DOXSEE**
                                       Florida Bar Number: 127318
                                       **CHAD A. JUSTICE**
                                       Florida Bar Number: 121559
                                       **JUSTICE LITIGATION ASSOCIATES, PLLC**
                                       1205 N Franklin St
                                       Suite 326
                                       Tampa, Florida 33602
                                       Direct No. 813-566-0550
                                       Facsimile: 813-566-0770
                                       E-mail: sam@justicelitigation.law
                                       E-mail: chad@justicelitigation.law
                                       **Attorneys for Plaintiff**